# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RICE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV422-130 |
| | ) | |
| DOUGLAS WILLIAMS, WARDEN, and TIMOTHY WARD, COMMISSIONER, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Christopher Rice filed this 28 U.S.C. § 2254 petition challenging 1994 convictions. *See* doc. 9 at 1. The Respondent moved to dismiss on the grounds that Rice's Petition is untimely. *See* doc. 6. After Rice failed to respond to that Motion, the Court directed him to show cause why his Petition should not be dismissed for failure to prosecute. Doc. 9. Rice has responded.[1] Doc. 10. For the reasons

---

[1] Rice states that "this Honorable Court states Dismissal reason being, the Court fail to receive the $5.00 filing fee." Doc. 10 at 2. The Court's Order does not suggest that Rice failed to pay the filing fee. *See generally* doc. 9. The only mention of fees at all is in a parenthetical summary of a case applying Federal Rule 41 in the context of a § 2254 petition. *See id.* at 3-4 (citing *Ashley-Mobley v. Kilgore*, 2020 WL 9595120 (N.D. Ala. Mar. 9, 2020)). The docket reflects that Rice paid the filing fee on June 13, 2022.

explained below, Respondent's Motion should be **GRANTED**. Doc. 6. Rice's Petition should, therefore, be **DISMISSED** as untimely. Doc. 1.

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at \*1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at \*1. Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after

expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon v. Hart*, 2013 WL 2385197 at *3 (S.D. Ga. May 21, 2013); *Nesbitt*, 2014 WL 61236 at *1.

Under § 2244(d)(1)(A), a judgment of conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Respondent explains that Rice's convictions were affirmed in 1995. *See* doc. 6-1 at 4 (citing *Rice v. State,* 458 S.E. 2d 368 (Ga. Ct. App. 1995)). Since he did not seek review in the Georgia Supreme Court, his convictions became final on June 7, 1995. *Id.* at 5. *See Phillips v. Warden,* 908 F.3d 667, 672 (11th Cir. 2018) (finding "[p]ursuant to the plain language of § 2244(d)(1)(A), Petitioner's conviction . . . became final for purposes of AEDPA's limitations period when the time expired for him to submit a certiorari petition to the Georgia Supreme Court . . . ."); *Scott v. Smith*, 2022 WL 5027928, at *2 (M.D. Ga. June 21, 2022). Since his convictions became final before AEDPA's effective date of April 24, 1996, he had one year from that date, *i.e.*, until April 24, 1997, to file his federal petition. *See, e.g., Wilcox v. Fla. Dept. of Corr.*, 158 F.3d 1209, 1211 (11th Cir.

1998); *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150 (11th Cir. 2014).

Rice filed a state habeas petition on April 18, 1997, when only six days remained on his limitations period.² *See* doc. 7-1 at 6; *see also Powles v. Thompson*, 282 F. App'x 804, 806 (11th Cir. 2008) (prison "mailbox rule" applies to state habeas petitions). The state habeas court denied relief in May 1998 and Rice did not appeal. *See* doc. 7-1 at 6; *see also* doc. 7-2 at 12 (state habeas courts order denying relief, dated May 11, 1998). Since Rice did not file a certificate of probable cause application, "[t]he AEDPA limitations period was tolled until . . . the last day on which [he] could have filed a timely certificate of probable cause (. . .) application in the Georgia Supreme Court challenging the state habeas court's ruling." *King v. Warden*, 665 F. App'x 785, 787 (11th Cir. 2016) (citing, *inter alia.*, O.C.G.A. § 9-14-52(b)). The clock restarted, therefore, on June 10, 1998. *See* O.C.G.A. § 9-14-52(b) (requiring application for a certificate of probable cause be filed "within 30 days from the entry of the order denying . . . relief."). Since there were only

---

² Respondent asserts that Rice filed his state habeas petition on April 23, 1997. *See* doc. 6-1 at 5. However, that date is the date that Rice's state petition was docketed by the Clerk of the Superior Court of Ware County. *See* doc. 7-1 at 1.

six days remaining, it ran out on June 16, 1998. As Respondent points out, the state habeas petition Rice filed in 2019 could not have tolled the limitations period because there was no time left to toll. Doc. 6-1 at 5; *see also* doc. 7-3 (2019 state petition). Rice's Petition, filed on May 5, 2022 was, therefore, untimely by more than twenty years. *See* doc. 1 at 23; *see also, e.g., Fuller v. Terry*, 381 F. App'x 907, 908 (11th Cir. 2010) (discussing the prison mailbox rule).

Rice's response to the Court's show-cause Order expresses his contention that his Petition was not a § 2254 petition. *See* doc. 10 at 1. He contends it was, instead, "a Mere Nullity Void Judgment / Sentence pursuant to O.C.G.A. § 17-9-4." *Id.* This Court has rejected similar assertions. *See, e.g., Hogan v. Smith*, 2009 WL 2338007, at *1 (S.D. Ga. July 27, 2009) (considering, and rejecting, petitioner's argument that he did not intend to file a habeas petition, but instead sought to proceed with a void judgment claim under Georgia law). Although this Court has also recognized that requests for relief under that section—filed in state court—can toll AEDPA's statute of limitations, as discussed above, the one-year period was long-expired before Rice filed any such request and so they could not restart the one-year clock. *See, e.g., Webster*, 199 F. 3d

at 1259 (state-court petition filed following the expiration of the limitations period cannot toll the period because there is no period remaining to be tolled). Whether Rice could seek relief under O.C.G.A. § 17-9-4 in state court, it does not provide him with any independent basis for relief in this Court, *cf. Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law." (internal quotation marks and citation omitted)), and does not affect the timeliness of his Petition, pursuant to § 2244(d), *cf. Harris v. Medlin*, 2013 WL 1180930, at *7 n. 6 (S.D. Ga. Feb. 14, 2013) (noting that, if a motion pursuant to O.C.G.A. § 17-9-4 could affect the finality of a judgment, it would "render meaningless" limitation under state law because "the time for seeking direct review would simply *never* expire . . . .").

Rice's untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (*citing Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition."

*Id.*; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quitable tolling is an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly." *Cadet v. Florida Dept. of Corrs.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (internal quotation marks and citation omitted). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner. [Cit.] Mere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011); *see also, e.g., Vahlkamp v. Sec'y, DOC*, 2022 WL 17752230, at *2 (11th Cir. Dec. 19, 2022). Rice has not pointed to any fact suggesting that he has either diligently pursued his rights or that he was subject to an "extraordinary circumstance."

As Respondent notes, Rice invokes a Georgia statute permitting habeas relief "to avoid a miscarriage of justice." Doc. 6-1 at 6; *see also* O.C.G.A. § 9-14-48(d). Although Respondent is correct that that state statute does not apply in this Court, doc. 6-1 at 6, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that a fundamental miscarriage of justice has occurred; that is where "a constitutional violation has probably resulted in the conviction of one who

7

is actually innocent." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (internal quotes omitted)). The actual innocence exception "is exceedingly narrow in scope," and, to invoke it, the petitioner must (1) present new reliable evidence that was not presented at trial, and (2) show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence. *Rozzelle v. Sec'y, Fla. Dept. of Corrs.*, 672 F.3d 1000, 1011, 1013 (11th Cir. 2012) (internal quotation marks, alterations, and citation omitted); *see also McQuiggin*, 569 U.S. at 394-95 ("The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner." (internal quotation marks, alteration, and citation omitted). "For purposes of this miscarriage-of-justice-exception, 'actual innocence' means factual innocence, not mere legal insufficiency." *Bembo v. Sec'y Dept. of Corrs.*, 2017 WL 5070197, at *2 (11th Cir. Mar. 30, 2017) (citing *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011)).

Rice fails to allege any fact supporting an assertion of actual innocence. None of the Grounds he asserts implicate his factual innocence. *See* doc. 1 at 3 (challenging jury instructions and admission of prior-act evidence and asserting ineffective assistance of counsel), 5, 14 (objecting to trial court's "amending the indictment"), 6 (asserting ineffective assistance of trial and appellate counsel), 15 (alleging "prosecutorial misconduct," "insufficient evidence to support the conviction if you delete the perjured testimony," and improper admission of character evidence). Even assuming that there were some fatal defect in the indictment, this Court has recognized that "novel legal arguments" concerning an indictment's validity are not sufficient to implicate the "factual innocence" required to avoid the time bar. *See Howard v. Dozier*, 2018 WL 3785453, at *8 (S.D. Ga. Aug. 9, 2018). Other courts have similarly recognized that the argument "that the federal limitations period does not apply to deficient-indictment or void sentence claims," is "incorrect." *Belsar v. Shepard*, 2016 WL 3675562, at *2 (N.D. Ga. June 8, 2016) (citing, *inter alia.*, *Jones-Bey v. Alabama*, 2014 WL 1233826, at *2 (N.D. Ala. March 25, 2014)). Moreover, Rice does not present any *new evidence*; he merely argues various defects in the evidence relied upon in

his conviction. "Evidence is only 'new evidence' if it was unavailable at trial and could not have been discovered earlier through the exercise of due diligence." *Whitaker v. Ward*, 2021 WL 5742538, at *2 (S.D. Ga. Dec. 2, 2021). None of Rice's filings identify any evidence discovered after his trial, much less any that could not have been discovered at that time. Any assertion of the actual-innocence exception to the time bar is, therefore, unavailing.

Accordingly, the Respondent's Motion to Dismiss should be **GRANTED**. Doc. 6. Rice's Petition should be **DISMISSED** as untimely. Doc. 1. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 26th day of January, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA