## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

CHRISTOPHER RICE,                )
                                 )
        Petitioner,              )
                                 )
v.                               )          CASE NO. CV422-130
                                 )
DOUGLAS WILLIAMS, Warden, and    )
TYRONE OLIVER, in his official   )
capacity as the Commissioner     )
of the Georgia Department of     )
Corrections,                     )
                                 )
        Respondents.             )
                                 )

## O R D E R

Before the Court is the Magistrate Judge's January 26, 2023,
Report and Recommendation (Doc. 11), to which both Petitioner
Christopher Rice (Docs. 13, 16) and Respondent Tyrone Oliver (Doc.
12) have filed objections. After a careful review of the record,
Petitioner's objections are **OVERRULED**, and the Court **DECLINES TO
ADOPT IN PART** and **ADOPTS IN PART** as herein modified the report and
recommendation as the Court's opinion in this case.[1] (Doc. 11.)

---

[1] The Court reviews de novo a magistrate judge's findings to which
a party objects, and the Court reviews for clear error the portions
of a report and recommendation to which a party does not object.
28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv.,
Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v.
Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))
(outlining the standard of review for report and recommendations).
"A judge of the court may accept, reject, or modify, in whole or
in part, the findings or recommendations made by the magistrate
judge." 28 U.S.C. § 636(b)(1).

## BACKGROUND

On May 19, 2022, Petitioner filed a "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." (Doc. 1 at 1.) Therein, Petitioner argued his petition was timely pursuant to O.C.G.A. § 17-9-4 and O.C.G.A. § 14-9-48. (Id. at 21-22.) On August 9, 2022, the Commissioner of the Georgia Department of Corrections filed a motion to intervene as party respondent (Doc. 4) and a motion to dismiss Petitioner's petition under 28 U.S.C. § 2254 as untimely. (Doc. 6.) Petitioner filed a response, arguing Respondent had misconstrued his application because he filed "a Mere Nullity Void Judgment/Void Conviction[.]" (Doc. 8 at 2.)

On January 6, 2023, the Magistrate Judge granted the motion to intervene and directed Petitioner to show cause why Respondent's motion to dismiss should not be granted as unopposed. (Doc. 9 at 3-4.) Considering Petitioner submitted a petition for habeas corpus form but advanced his arguments about a void conviction, the Magistrate Judge highlighted that Petitioner's contentions were unclear and afforded Petitioner the opportunity to clarify his position in response to the order. (Id. at 2 n.1.) Petitioner filed another response stating he "did not file . . . a 2254, Habeas Corpus. What I did file is a Mere Nullity Void Judgment/Sentence pursuant to O.C.G.A. § 17-9-4[.]" (Doc. 10 at 1-

2.) He argued there was no statute of limitations on this provision. (Id.)

On January 26, 2023, the Magistrate Judge issued a report and recommendation recommending that Petitioner's petition be dismissed as untimely because the one-year statute of limitations for him to file a federal habeas petition ran out more than twenty years before he filed the instant petition. (Doc. 11 at 2, 5.) The Magistrate Judge also concluded that Petitioner asserted no meritorious basis to avoid the time bar. (Id. at 5-10.) Further, the Magistrate Judge specifically considered and rejected Petitioner's argument pursuant to O.C.G.A. § 17-9-4, explaining that courts in the Southern District of Georgia had rejected similar attempts to attack state court convictions on this ground. (Id. at 5 (citing Hogan v. Smith, No. CV 308-098, 2009 WL 2338007, at *1 (S.D. Ga. July 27, 2009).)

Respondent filed an objection on February 9, 2023. (Doc. 12.) On March 6, 2023, the Court received Petitioner's "Traverse to the Objection of Report and Recommendation of Respondent." (Doc. 13.) Therein, although the Magistrate Judge's report and recommendation was clearly entered on January 26, 2023, Petitioner insisted the Respondent's objection was untimely because the Magistrate Judge's order was signed on January 6, 2023, which was the date the Magistrate Judge entered the show cause order. (Id. at 2.) On March 20, 2023, the Magistrate Judge's January 26, 2023, report and

recommendation that had been mailed to Petitioner was returned as undeliverable. (Doc. 14.) The Court then directed the Clerk of Court to mail another copy to Petitioner and gave him another 14 days to file written objections to the Magistrate Judge's report and recommendation. (Doc. 15 at 2-3.) Petitioner filed his second objections to the Magistrate Judge's report and recommendation on April 11, 2023. (Doc. 16.) The Court will address briefly address the parties' objections.

**ANALYSIS**

I.   O.C.G.A § 17-9-4

Petitioner's principal objection is repeating his argument that he has not filed a 28 U.S.C. § 2254 petition for habeas corpus but rather a petition or motion requesting relief pursuant to O.C.G.A. § 17-9-4. (E.g., Doc. 13 at 4; Doc. 16 at 4, 6, 8.) He contends no time bar or statute of limitations exists to preclude his relief under this provision. (Doc. 13 at 4, 6; Doc. 16 at 7, 8, 14.) He also disagrees with the Magistrate Judge's conclusion that O.C.G.A. § 17-9-4 is inapplicable in this Court, arguing Respondent inequitably argues for the applicability of Georgia law in this case. (Doc. 13 at 4, 6; Doc. 16 at 6 at 8-9.)

While Petitioner is correct that "federal courts are bound by the interpret[ation] of state statutes by the State's highest court[,]" (Doc. 13 at 4), a federal court's obligation to respect those interpretations does not mean that the remedies those

statutes might provide are always available in federal court.[2] As the Magistrate Judge recognized, "[w]hether [or not Petitioner] could seek relief under O.C.G.A. § 17-9-4 in state court, it does not provide him with any independent basis for relief in this Court . . . ." (Doc. 11 at 6 (emphasis added) (citation omitted).) In Hogan v. Smith, the court addressed a similar issue. In that case, Petitioner Willie Hogan

> sent a letter to the Clerk of Court asking if he [could] proceed on a void judgment claim in this Court[] because[] he believed he could not get a fair hearing on his claim in the state court. The Clerk of Court responded by providing [Hogan] with an application for a § 2254 petition. [Hogan], believing he had to submit the application to proceed with his void judgement pursuant to O.C.G.A. §§ 17-9-4, 9-12-6, submitted the § 2254 application, along with the five dollar filing fee. [Hogan] maintain[ed] that he was unaware that by filing the § 2254 application, he would be initiating the instant habeas petition.

2009 WL 2338007, at *1. The court considered and rejected Hogan's request to "to proceed with a void judgment claim pursuant to O.C.G.A. §[] 17-9-4[.]" Id. The court considered that Hogan sought "to directly attack his state court conviction in federal court[]" and explained that a "state prisoner seeking post-conviction relief from a federal court has but one remedy[:] an application for a writ of habeas corpus." Id. (citing Thomas v. Crosby, 371

---

[2] Petitioner also cites O.C.G.A. § 9-14-48(d), which provides the procedure that a state habeas court must follow to determine whether a state petition was timely filed and that "habeas corpus relief shall be granted to avoid a miscarriage of justice." (Doc. 13 at 4; Doc. 16 at 8.) This statute does not apply in this Court.

F.3d 782, 787 (11th Cir. 2004)). Like Hogan, "Petitioner's objection stating that he seeks post-conviction relief from this Court pursuant to State laws does not alter the Magistrate Judge's analysis that Petitioner is not entitled to relief." Id.

Petitioner is also mistaken concerning the alleged inconsistency of Respondent's assertion that a remedy pursuant to O.C.G.A. § 17-9-4 is not available in federal court and his reliance on state law in other contexts. (Doc. 16 at 8.) As the Eleventh Circuit instructed, Respondent "look[ed] to the applicable state law governing filings" to determine issues regarding "when a state habeas petition has been 'properly filed[.]' " Taylor v. Williams, 528 F.3d 847, 850 (11th Cir. 2008). But that does not mean state law determines what relief is available in federal court or that Respondent's arguments were inconsistent.

## II. Prison Mailbox Rule and Timeliness

Respondent does not object to the Magistrate Judge's conclusion that Petitioner's petition should be dismissed as untimely. (Doc. 12 at 9.) Based on the Magistrate Judge's application of superseded authority concerning the application of the "prison mailbox rule" to state habeas petitions in Georgia, however, Respondent objects to the Magistrate Judge's calculation of the running of the limitations period. (Id. at 2-9.)

6

For his part, Petitioner seems to believe Respondent is incorrect about the applicability of the prison mailbox rule and questions the method of determining the date on which he filed his state habeas petition. (Doc. 13 at 2.) And although it is not entirely clear, Petitioner appears to argue that the prison mailbox rule does apply to his state petition, which was filed in 1997, and other petitioners like him whose convictions were final before 1996. (Doc. 16 at 14 ("The issue here is that the Ga. S. Court made clear they did not consider inmates who where [sic] under the one year statute which means <u>inmates convicted before 1996</u> - had only one year they <u>still had the mailbox rule.</u>" (emphasis added)).) Petitioner has not, however, explicitly objected to the Magistrate Judge's determination that his petition is barred by the applicable one-year statute of limitations.[3] (Docs. 13, 16.)

The Magistrate Judge cited to the Eleventh Circuit's decision in <u>Powles v. Thompson</u> for the proposition that a state habeas petition was deemed filed when the prisoner delivered it to prison authorities for mailing. (Doc. 11 at 4 (citing <u>Powles v. Thompson</u>, 282 F. App'x 804, 806 (11th Cir. 2008) (per curiam).) In <u>Powles,</u>

---

[3] For this reason, the significance of Petitioner's objection is somewhat obscure. Regardless of the Magistrate Judge's misapplication of the prison mailbox rule, the instant petition remains untimely whether his state habeas petition was filed on April 18 or April 23, 1997. (Doc. 11 at 4-5 (concluding, based on the erroneous assumption that Petitioner's state petition was filed on April 18, 1997, that his time to file a federal petition ran out on June 16, 1998).)

Respondent argues, the Eleventh Circuit relied on <u>Taylor v.</u> <u>Williams</u>. (Doc. 12 at 3); <u>see also</u> <u>Powles</u>, 282 F. App'x at 806 ("The outcome of this case is dictated by the court's recent decision in <u>Taylor</u> . . . ."). <u>Taylor</u>, in turn, "anticipate[d] what the Georgia Supreme Court would say[]" about the application of the prison mailbox rule. 528 F.3d at 850 (citation omitted).

As <u>Taylor</u> recognized, "[t]o determine when a state habeas petition has been 'properly filed,' [federal courts] look to the applicable state law governing filings." <u>Id.</u> After <u>Taylor</u> and <u>Powles</u> were decided, the Georgia Supreme Court held that "the prison mailbox rule does not apply to the filings of habeas corpus cases in the superior courts by incarcerated, pro se inmates . . . ." (Doc. 12 at 4 (citing <u>Roberts v. Cooper</u>, 286 Ga. 657, 661, 691 S.E.2d 875, 877 (2010)); <u>see also</u> <u>Roberts</u>, 286 Ga. at 660, 691 S.E.2d at 877 (holding that the prison mailbox rule applies only in the context of an appeal). Additionally, contrary to Petitioner's argument, there is no suggestion that the Georgia Supreme Court would have applied the prison mailbox rule to initial petitions at any time. Now, courts in the Southern District of Georgia have recognized that <u>Roberts</u> precludes application of the prison mailbox rule to the initial filing of a state habeas petition in Georgia. <u>See</u> <u>Hall v. Oubre</u>, No. CV 110-065, 2010 WL 5652769, at *3 (S.D. Ga. Dec. 30, 2010), <u>report and recommendation adopted</u>, No. CV 110-065, 2011 WL 291170 (S.D. Ga. Jan. 25, 2011).

8

Therefore, to the extent that the Magistrate Judge applied the prison mailbox rule to Petitioner's initial state habeas petition, the Court **DECLINES TO ADOPT IN PART** the report and recommendation, and the Court agrees with Respondent that April 23, 1997, is the relevant date.

As the Magistrate Judge recognized, "[s]ince [Petitioner's] convictions became final before [the Anti-Terrorism and Effective Death Penalty Act's] effective date of April 24, 1996, he had one year from that date, _i.e._, until April 24, 1997, to file his federal petition." (Doc. 11 at 3-4 (first citing <u>Wilcox v. Fla. Dep't of Corr.</u>, 158 F.3d 1209, 1211 (11th Cir. 1998); and then citing <u>Cole v. Warden, Ga. State Prison</u>, 768 F.3d 1150 (11th Cir. 2014)).) Petitioner filed his state habeas petition on April 23, 1997. (Doc. 7, Attach. 1 at 1.) The filing of that petition tolled the limitations period with only one day remaining. <u>See</u> 28 U.S.C. § 2244(d)(2). As the Magistrate Judge recognized, "[t]he state habeas court denied relief in May 1998 and [Petitioner] did not appeal." (Doc. 11 at 4 (citations omitted).) "The clock restarted, therefore, on June 10, 1998." (<u>Id.</u> (citations omitted).) Correcting the erroneous calculation of the state petition's filing date, the one-year clock ran out on June 11, 1998, not June 16, 1998. (<u>Id.</u> at 5.) Despite the miscalculation, the instant petition, filed on May 5, 2022, "was . . . untimely by more than twenty years." (<u>Id.</u>) Accordingly, to the extent the Magistrate

Judge determined that the instant petition is time barred, the
report and recommendation is **ADOPTED IN PART** as modified herein.[4]
(Doc. 11.)

III. <u>Equitable Tolling</u>

Petitioner also argues that, despite the age of the judgment
against him, he acted "with due diligence . . . [and] steady,
earnest and energetic effort," to challenge that judgment. (Doc.
16 at 1.) Petitioner's assertion of diligence might imply that he
contends he is entitled to equitable tolling of the applicable
statute of limitations. <u>See, e.g.</u>, <u>Holland v. Florida</u>, 560 U.S.
631, 649, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010); <u>Aureoles
v. Sec'y, D.O.C.</u>, 609 F. App'x 623, 624 (11th Cir. 2015) (per
curiam). Equitable tolling is applied sparingly and requires a
petitioner to show <u>both</u> diligent pursuit of his rights and that an
"extraordinary circumstance" prevented him from filing a timely
petition. <u>See, e.g.</u>, <u>Aureoles</u>, 609 F. App'x at 624.

Even crediting Petitioner's current assertion of diligence,
neither of his objections identify any "extraordinary
circumstance" that prevented him from timely filing his federal
petition. Petitioner contends the Wheeler County Superior Court
and the Georgia Supreme Court instructed him to file his petition

---

[4] Additionally, Petitioner's assertion that Respondent's dispute
concerning the calculation of the limitations period is somehow
"shocking to the universal sense of justice" is simply wrong. (Doc.
13 at 4.)

on forms, and he also states that he followed the Georgia Supreme Court's instructions after "back-and-forth" correspondence with the Court. (Doc. 16 at 6.) First, procedural mistakes and ignorance of the applicable law are not extraordinary circumstances justifying equitable tolling. See, e.g., Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) (per curiam) ("[W]e have not accepted a lack of legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion."); Rich v. Dep't of Corr. State of Fla., 317 F. App'x 881, 883 (11th Cir. 2008) (explaining petitioner's "pro se status and his conformity with state law [were] not extraordinary circumstances that [] prevented him from filing his federal habeas petition on time[]"). Second, even if the Court were to somehow construe these exchanges as the provision of an affirmative misleading instruction, see, e.g., Thompson v. Smith, 173 F. App'x 729, 733 (11th Cir. 2006) (citing Pliler v. Ford, 542 U.S. 225, 234, 124 S. Ct. 2441, 2448, 159 L. Ed. 2d 338 (2004) (O'Connor, J., concurring)), the pleading to which Petitioner refers was not filed until 2019. (See Doc. 16 at 6 (referring to pleading seeking relief under O.C.G.A. §§ 17-9-4 and 9-14-48 pursued in "Wheeler Superior Court and Ga. S. Ct."); see also Doc. 7, Attach. 3 (copy of pleading filed in the Superior Court of Wheeler County on November 6, 2019 citing O.C.G.A. §§ 17-9-4 and 9-14-48).) Since the one-year period for Petitioner to seek federal relief expired

in 1998, the 2019 proceedings, whatever their character, could not restart or toll the period. See, e.g., Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); Harris v. Medlin, No. CV 111-203, 2013 WL 1180930, at *7 n.6 (S.D. Ga. Feb. 14, 2013) (explaining that, if pleading pursuant to O.C.G.A. § 17-9-4 could restart the limitations period on federal habeas relief, it would render that limitations period "meaningless"). Thus, Petitioner's unsuccessful attempts to challenge the judgment against him in 2019 are not a sufficient basis to equitably toll the statute of limitations on his federal petition.[5]

### CONCLUSION

In summary, Respondent is correct that the prison mailbox rule does not apply to the filing of an initial state habeas petition in Georgia. (Doc. 12.) To the extent that the report and recommendation asserted that it does, the report and recommendation is **DECLINED IN PART**. (Doc. 11.) Petitioner's objections are **OVERRULED**. (Docs. 13, 16.) Subject to the modification discussed above, the report and recommendation is

---

[5] Petitioner also briefly mentions a "miscarriage of justice," (Doc. 16 at 17), but he has not advanced any argument sufficient to defeat the Magistrate Judge's conclusion that this exception does not apply.

**ADOPTED IN PART.** (Doc. 11.) Respondent's motion to dismiss the petition is **GRANTED.** (Doc. 6.) Petitioner's petition is **DISMISSED** as untimely. (Doc. 1.)

Applying the Certificate of Appealability (COA) standards set forth in <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this _30th_ day of May 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA